UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VITOR MORILHA,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No. 24-cv-02793-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINSTRATIVE MOTION TO SEAL**<br><br>Re: ECF No. 35 |

Pending before the Court is Plaintiff's administrative motion to seal an affidavit and accompanying exhibits in support of his civil complaint. ECF No. 35. The Court will grant the motion in part and deny it in part.

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5 and (2) rebut the "strong presumption in favor of access" that applies to most judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Local Rule 79-5 requires that the request include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal," and that it be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c). For judicial records attached to dipositive motions, the party seeking to seal the record must demonstrate "compelling reasons" that would overcome the public's right to view public records and documents. *Pintos v. Pac. Creditors Ass'n*, 564 F.3d 1106, 1115–16 (9th Cir. 2009), *opinion amended and superseded on denial of reh'g*, 605 F.3d 665 (9th Cir. 2010) (citing *Kamakana*, 447 F.3d at 1178). A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings … outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178–79).

Plaintiff's motion to seal does not meet these requirements.  He "requests this Court [] consider whether [his] affidavit and exhibits in support of his civil complaint should be filed with the portions which might contain Defendant's legitimate trade secrets redacted."  ECF No. 35.  But none of the exhibits or statements in his affidavit contain any trade secret information.  One exhibit, however, is a medical record, ECF N0. 35-4 at 11, for which sealing is warranted.  *See Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020) ("Courts routinely conclude that the need to protect medical privacy qualifies as a compelling reason for sealing records.").

Accordingly, the Court grants Plaintiff's motion to seal the exhibit found at ECF No. 35-3 at 16 and ECF No. 35-4 at 11, and that document will remain under seal.  The Court denies Plaintiff's motion as to the remaining exhibits and affidavit.  The Court will not consider the redacted portions of the affidavit and remaining exhibits unless Plaintiff files the documents on the public record within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated:  August 8, 2024



JON S. TIGAR
United States District Judge