UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VITOR MORILHA,<br><br>   Plaintiff,<br><br>   v.<br><br>ALPHABET INC., et al.,<br><br>   Defendants. | Case No. 24-cv-02793-JST<br><br>**ORDER DENYING MOTION TO STAY**<br>Re: ECF No. 52 |

Before the Court is Plaintiff Daniel Morilha's motion to stay proceedings pending the appeal of Case No. 22-cv-3565-JST. The Court will deny the motion.

## I.     BACKGROUND

### A.     Case No. 22-cv-3565-JST

Case No. 22-cv-3565-JST was a case before this Court in which Morilha brought claims against the Superior Court of California, County of Santa Clara ("Superior Court") for breach of contract; fraud; "abuse of process"; intentional infliction of emotional distress; "conspiracy for deprivation of rights"; violation of the Equal Protection Clause of the Fourteenth Amendment; and violation of the Due Process Clause of the Fourteenth Amendment. *See Morilha v. Superior Ct. of California Cnty. of Santa Clara*, No. 22-CV-03565-JST, ECF No. 17 (N.D. Cal. Aug. 29, 2022). The facts alleged there arose from a dissolution proceeding in the Superior Court. *Id.* ¶ 3. Morilha alleged that the Superior Court erred by not enforcing a premarital agreement; awarding attorney's fees to his former spouse; incorrectly dividing the parties' assets; and freezing his assets. *See id. passim.* On May 1, 2023, the Court granted the Superior Court's motion to dismiss Morilha's complaint because the Court lacked jurisdiction over Morilha's claims under the *Rooker-Feldman* doctrine and because Morilha failed to allege that he complied with the State of

California's claim presentation requirement as required before filing a lawsuit against a public entity. *See Morilha v. Superior Ct. of California Cnty. of Santa Clara*, No. 22-CV-03565-JST, ECF No. 50 (N.D. Cal. May 1, 2023). Morilha then filed an appeal of that order, which is currently pending at the Ninth Circuit. *See id.*, ECF Nos. 74, 77.

### B. The Case Here

On May 9, 2024, Morilha initiated this action against Defendants Alphabet Inc. and Google LLC (together, "Google") and Meta Platform Inc. ("Meta") over their alleged collection and use of his data, asserting claims for (1) violation of the Stored Communications Act ("SCA"); (2) breach of contract; and (3) breach of privacy. *See* ECF No. 1. On July 19, 2024, the Court granted an administrative motion filed by Morilha, relating the newly filed case to 22-cv-03565.[1]

On July 24, 2024, Google filed its motion to dismiss Morilha's complaint. ECF No. 30. On July 29, 2024, Meta filed its motion to dismiss. ECF No. 31. Both motions are fully briefed and under submission. On September 16, 2024, the Court vacated the October 3, 2024, hearing scheduled for the motions to dismiss and indicated that it would rule on the parties' papers. ECF No. 48. On November 10, 2024, Morilha filed the motion to stay now before the Court. ECF No. 52.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## III. LEGAL STANDARD

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay proceedings, a district court must weigh various competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer [if the case is allowed] to go forward, and the orderly course of

---

[1] Morilha's complaint in this case referenced some of the same underlying facts involving his dissolution proceeding and separation from his ex-wife, though his causes of action were primarily directed at Google and Meta for their collection of his data.

justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).  The burden is on the movant to show that a stay is appropriate.  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## IV.  DISCUSSION

Morilha asks the Court to stay these proceedings pending the appeal of Case No. 22-cv-3565-JST.  Morilha provides no explanation as to how the appeal of his claims against the Superior Court involving his previous marriage dissolution proceeding will have any bearing on the pending motion to dismiss or claims in this case, which involve the collection and use of his digital data.  Morilha thus has not satisfied his burden to show that a stay is appropriate here.

## CONCLUSION

For the foregoing reasons, Morilha's motion to stay is denied.  The case management conference scheduled for December 17, 2024, is continued to February 18, 2025.  The parties shall updated case management statements by February 11, 2025.

**IT IS SO ORDERED.**

Dated:  December 4, 2024


JON S. TIGAR
United States District Judge