UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VITOR MORILHA,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No. 24-cv-02793-JST<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: ECF No. 55 |

Plaintiff Daniel Morilha moves to file under seal portions of a transcript of his dissolution proceedings attached as an exhibit to a request for judicial notice. ECF No. 55. Morilha has filed a declaration in support of sealing. ECF No. 55-1. The Court hereby denies the motion.

## I.    LEGAL STANDARD

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

With respect to the second prong, the showing required to overcome the strong presumption of access depends on the type of motion to which the document is attached. "[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)).  To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal citations omitted).

On the other hand, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials.  *Id.* at 1097.  A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

## II.    DISCUSSION

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

Morilha has failed to articulate any compelling reasons why the redacted portions of the transcript of his dissolution proceedings should be sealed.

## CONCLUSION

Because the Court has already denied Morilha's motion to stay, ECF Nos. 52, 57, to which the request for judicial notice corresponds, Morilha need not file a renewed sealing motion.  The material filed under seal at ECF No. 55 shall remain under seal.

**IT IS SO ORDERED.**

Dated: December 4, 2024



JON S. TIGAR
United States District Judge