UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VITOR MORILHA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALPHABET INC., et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-02793-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 30, 31 |

Before the Court are Defendants Alphabet, Inc. and Google LLC (together, "Google") and Defendant Meta Platforms Inc.'s motions to dismiss. ECF Nos. 30, 31. The Court will grant the motions.

I.　BACKGROUND

Plaintiff Daniel Morilha brings this action against Google and Meta over their alleged collection and use of his data. ECF No. 1. Morilha has been a Google user since approximately 2000 and created a Google account in 2004. *Id.* ¶¶ 22, 23. He alleges he has entered "a lot of his data on-line . . . [while] logged in with his Google account" and believes Google "holds an enormous amount of information about him." *Id.* ¶¶ 25, 26. Thus, he claims "Google might have engaged . . . unlawfully [to] sell it to others for profit." *Id.* ¶ 27. Morilha also uses Facebook which is operated by Meta. *Id.* ¶¶ 34, 37. In January 2023, he noticed that "Facebook's messenger shared his internet IP address on messages containing external references: images and links" which were "sent unencrypted." *Id.* ¶ 38. He also alleges that Facebook messenger used the geolocation data from his phone to track which "other Facebook messenger users he was in contact with." *Id.* ¶ 40. In addition, he claims Meta "used this data to infer who [he] would date" and "to entice him into contacting these people through Facebook products." *Id.* He alleges Meta

may have granted others access to this information or used it in the development of surveillance products. *Id.* ¶ 44. On May 9, 2024, Morilha filed this suit against Google and Meta for: (1) violation of the Stored Communications Act ("SCA"); (2) breach of contract; and (3) breach of privacy.

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## III.   LEGAL STANDARD

### A.   Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See* Fed. R. Civ. P. 12(b)(1). If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction, and the suit must be dismissed under Rule 12(b)(1). *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). In resolving a facial attack, the court assumes that the allegations are true and draws all reasonable inferences in the plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A court addressing a facial attack must confine its inquiry to the allegations in the complaint. *See Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

### B.   Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] "Dismissal under Rule 12(b)(6) is

---

[1] Meta also argues Morilha's complaint is subject to dismissal under Rule 8 because it consists of "incomprehensible rambling[s]," and it is "unclear what claim for relief" he is asserting. ECF No. 31 at 9 (quoting *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) and *Knox v. United States*, No. 19-cv-01020-AJB-AGS, 2020 WL 12688365, at *2 (S.D. Cal. Dec. 1, 2020)). The Court disagrees. The complaint is only 16 pages long, and includes organized factual allegations, four labeled causes of action, and a prayer for relief. While it is not clear how all the

1  appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support
2  a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th
3  Cir. 2008). A complaint need not contain detailed factual allegations, but facts pleaded by a
4  plaintiff "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v.
5  Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain
6  sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."
7  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A
8  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
9  the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court
10 must "accept all factual allegations in the complaint as true and construe the pleadings in the light
11 most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).
12 However, the Court is not "required to accept as true allegations that are merely conclusory,
13 unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536
14 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citation omitted). A *pro se*
15 complaint will be liberally construed and held to less stringent standards than formal pleadings
16 drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## IV. DISCUSSION

### A. Article III Standing

To invoke the jurisdiction of a federal court, Morilha must demonstrate standing, which consists of the "irreducible constitutional minimum" of (1) injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Standing is evaluated based on "the facts as they existed at the time the plaintiff filed the complaint." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007)

---

factual allegations relate to Defendants or the specific causes of action he intends to bring, "[i]n view of the requirement that pro se filings be held to less stringent pleading standards, the Court does not view this as an 'aggravated case' in which it should exercise discretion to dismiss an action for failure to comply with the requirements of Rule 8(a)(2)." *Amatrone v. Champion*, No. 15-cv-01356-JST, 2015 WL 5591614, at *6 (N.D. Cal. Sept. 23, 2015) (citation omitted).

(citing *Lujan*, 504 U.S. at 569 n.4).

To demonstrate an injury in fact, Morilha must "ha[ve] sustained or [be] immediately in danger of sustaining some direct injury" as a result of the conduct he challenges, "and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (internal quotations and citation omitted). Morilha alleges that Google "holds an enormous amount of information about him . . . and therefore Google might have engaged [in] unlawfully sell[ing] [information about him] to others for profit." ECF No. 1 ¶¶ 26, 27. In addition, he alleges "Google might have granted access to . . . his search history[,] . . . his emails," and other data. *Id.* ¶ 31. While Morilha is correct that in some instances harm to a concrete privacy interest is sufficient to confer Article III standing, his allegations that Google *may* have disclosed private information is too speculative to satisfy the injury-in-fact requirement. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 433–439 (2021) (finding class members whose reports were disseminated to third parties suffered a concrete injury but class members whose reports were not disseminated did not suffer a concrete harm); *see also Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 411 (2013) (speculation and assumptions "about whether their communications with their foreign contacts will be acquired under § 1881a" did not establish injury). Because Morilha fails to allege any concrete injury caused by Google, his claims against Google must be dismissed.

### B. Stored Communications Act Claim

Section 2707 allows an individual to bring a private cause of action under the SCA. 18 U.S.C. § 2707(a). Morilha brings a claim under Section 2707 against Meta but does not specify which provision of the SCA he believes Meta violated. ECF No. 1 at 11. Accordingly, the Court addresses both.

#### 1. Section 2701

A violation of Section 2701(a) occurs when someone "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage

4

in such system." 18 U.S.C. § 2701(a).

Morilha fails to plead a claim under 2701(a). For one, Morilha doesn't allege that Meta was not authorized to access the geolocation data at issue. Regardless, his claim fails to allege the first element of a claim under Section 2701(a) because an individual's personal computer or phone is not a "facility through which an electronic communication service is provided" under the SCA. *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1058 (N.D. Cal. 2012). Morilha also fails to allege the second element of a claim under Section 2701(a) because he doesn't allege Meta accessed any data "while . . . in electronic storage." 18 U.S.C. § 2701(a); *see also In re iPhone Application Litig*., 844 F. Supp. 2d 1040 at 1059 (plaintiffs failed to state a claim when they did not allege defendants "accessed the data at a time when the data was only in temporary, intermediate storage").

### 2. Section 2702

Section 2702(a) prohibits providers of electronic communication services from "knowingly divulg[ing] to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1).

Morilha also fails to state a claim under Section 2702(a). First, Morilha does not actually plead that Meta divulged any of his information or communications. Rather, he alleges that Meta "*might* have granted others access to . . . [his] information." ECF No. 1 ¶ 44 (emphasis added). Second, the information Morilha alleges Meta may have shared—IP addresses and geolocation data—do not qualify as "contents of a communication" under the SCA. *See In re Zygna Privacy Litig.*, 750 F.3d 1098, 1105 (9th Cir. 2014) ("For purposes of §§ 2511(3)(a) and 2702(a), the word contents is defined as any information concerning the substance, purport, or meaning of [a] communication"); *see also In re iPhone Application Litig.*, 844 F. Supp. at 1061 (holding that geolocation data does not qualify as "content" of the communication because "content" is limited to information the user intended to communicate).

### C. Breach of Contract

To plead a claim for breach of contract under California law, a plaintiff must allege: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3)

1  defendant's breach; and (4) damages to plaintiff as a result of the breach." *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 974 (N.D. Cal. 2010) (quoting *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008)).

"To properly plead breach of contract, '[t]he complaint must identify the specific provisions of the contract allegedly breached by the defendant.'" *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017) (quoting *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012)). Morilha not only fails to allege a specific contract provision Meta is alleged to have breached but fails to allege the existence of a contract at all. Consequently, he fails to allege the other elements for breach of contract, including his own performance or excuse for nonperformance and Meta's breach. Accordingly, his breach of contract claim is dismissed. *See Lloyd v. Facebook, Inc.*, No. 21-cv-10075-EMC, 2022 WL 4913347, at * 9 (N.D. Cal. Oct. 3, 2022) (finding plaintiff failed to state a claim for breach of contract when they failed to allege any "facts that would indicate that Facebook made a promise with the constructive intent that it be enforceable") (internal quotation marks and citation omitted).

### D. Invasion of Privacy

"The California Constitution creates a privacy right that protects individuals from the invasion of their privacy by private parties." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1037 (N.D. Cal. 2014). To state a claim for invasion of privacy a plaintiff must plead: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 39–40 (1994). "The California Constitution sets a 'high bar' for establishing an invasion of privacy claim." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1038. "Even the disclosure of very personal information has not been deemed an 'egregious breach of social norms' sufficient to establish a constitutional right to privacy." *Id.* at 1038.

In his cause of action for breach of privacy Morilha alleges that "he did not consent" to having his data sold. ECF No. 1 ¶ 49. However, as explained, Morilha does not actually allege Meta sold his data. Morilha's suspicion that Meta "might" have sold his data is insufficient to

survive a motion to dismiss. *See Twombly*, 550 U.S. at 555. Regardless, disclosure of IP addresses and geolocation data is not sufficiently "egregious" to support an invasion of privacy claim. *In re iPhone Application Litig.*, 844 F. Supp. 2d at 1063. Accordingly, Morilha's privacy claim is also dismissed.

## CONCLUSION

For the foregoing reasons Defendants' motions to dismiss are granted. Dismissal is with leave to amend. Morilha may file an amended complaint within 28 days solely to correct the deficiencies identified in this order. If no amended complaint is filed by that date, the claims dismissed in this order will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated:  December 23, 2024

_____
JON S. TIGAR
United States District Judge