UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VITOR MORILHA,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No. 24-cv-02793-JST<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION FOR LIMITED DISCOVERY**<br><br>Re: ECF Nos. 64, 65, 73 |

Before the Court is Defendants Alphabet Inc. and Google LLC's ("Google") (together, "Defendants") motion to dismiss and Plaintiff Daniel Morilha's motion for leave to amend the complaint as well as motion for limited discovery. ECF Nos. 64, 65, 73. The Court will grant Defendants' motion to dismiss and deny Morilha's motion for leave to amend the complaint and motion for limited discovery.

**I.   BACKGROUND**

Because the parties are familiar with the facts and the Court has discussed them in its previous order, ECF No. 59, the Court will not recount them in their entirety here. In sum, Morilha brings this action against Defendants over Google's alleged collection and use of his data.

Morilha asserts the following claims against Defendants: (1) violation of the Wiretap Act; (2) two violations of the unauthorized access provision of the Stored Communications Act ("SCA"); (3) violation of the disclosure provision of the SCA; (4) breach of contract; (5) negligence; (6) fraudulent misrepresentation; and (7) intentional infliction of emotional distress. *See* ECF No. 60 at 9–15.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See* Fed. R. Civ. P. 12(b)(1). If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction, and the suit must be dismissed under Rule 12(b)(1). *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). In resolving a facial attack, the court assumes that the allegations are true and draws all reasonable inferences in the plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A court addressing a facial attack must confine its inquiry to the allegations in the complaint. *See Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

### B. Rule 15

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in deciding a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a court should determine whether to grant leave "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or]

2

futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III.   REQUESTS FOR JUDICIAL NOTICE

"As a general rule, [courts] 'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). "When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56," unless those matters satisfy the "incorporation-by-reference doctrine" or the standard for "judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (quoting Fed. R. Civ. P. 12(d)). "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute,'" i.e., the fact "is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)).

Morilha has filed multiple requests for judicial notice, asking the Court to take judicial notice of various court documents related to his prior dissolution proceedings and marriage. ECF Nos. 79, 80, 82. While some of these documents may be subject to judicial notice, the Court denies the requests because the documents are not relevant to the claims against Defendants at issue here. *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1382 (C.D. Cal. 2014) (declining to take judicial notice because "the documents are not relevant"), *aff'd*, 678 F. App'x 594 (9th Cir. 2017).

### IV.   DISCUSSION

#### A.   Article III Standing[1]

As the Court explained in its last order, to invoke the jurisdiction of a federal court, Morilha must demonstrate standing, which consists of the "irreducible constitutional minimum" of

---

[1] Because the Court dismisses the claims against Defendants on standing grounds, it need not address whether Morilha's first amended complaint adequately states a claim against the Defendants under Rule 12(b)(6).

3

(1) injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. ECF No. 59 at 3 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Standing is evaluated based on "the facts as they existed at the time the plaintiff filed the complaint." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007) (citing *Lujan*, 504 U.S. at 569 n.4).

To demonstrate an injury in fact, Morilha must "ha[ve] sustained or [be] immediately in danger of sustaining some direct injury" as a result of the conduct he challenges, "and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (internal quotations and citation omitted).

The injury that Morilha primarily complains about is the fallout he has suffered in his life stemming from his September 5, 2015, detention relating to allegations of domestic violence. *See* ECF No. 60 at 8–9. Yet Morilha fails to adequately explain how *Google* caused either that arrest or the consequences flowing from the arrest. Indeed, Morilha does not specifically allege that Google definitively took *any* action that harmed him. Instead, he alleges only potential wrongdoing by unspecified parties. *See, e.g.*, *id.* at 8–9 (alleging that his phone calls "might have been intercepted"); *id.* at 10 ("someone must have exceeded authorization"); *id.* at 13 ("Google is legally prohibited from divulging any content of his private communications . . . they are the custodian of without a proper legal request, and if they had done it, they are in breach of their own privacy policy"); *id.* at 15 (alleging that he "has received e-mails in Gmail (Exhibit H) from unknown senders with jokes and misrepresented content"). And he essentially concedes that he has only been able to "speculate how details of his financial life, as well as various other information Google was a custodian of were divulged." ECF No. 76 at 1.

As the Court previously explained, "[w]hile Morilha is correct that in some instances harm to a concrete privacy interest is sufficient to confer Article III standing, his allegations that Google [or an unidentified 'someone'] *may* have disclosed private information is too speculative to satisfy the injury-in-fact requirement." ECF No. 59 at 4; *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 433–439 (2021) (finding class members whose reports were disseminated to third parties suffered a concrete injury but class members whose reports were not disseminated did not suffer a concrete

4

1   harm); *see also Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 411 (2013) (speculation and

2   assumptions "about whether their communications with their foreign contacts will be acquired

3   under § 1881a" did not establish injury). Because Morilha continues to fail to allege any concrete

4   injury caused by Defendants, the Court dismisses his claims against Defendants without leave to

5   amend.

### B.    Motion for Limited Discovery

On January 17, 2025, Morilha filed a motion to take the expedited discovery of two non-party individuals through what appear to be interrogatories propounding 100 questions each. *See* ECF No. 64. On January 31, 2025, Defendants filed their opposition. ECF No. 71. On February 5, 2025, Morilha filed a letter informing the Court that he would not be filing a reply brief. *See* ECF No. 72.

"[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *see also Merrill Lynch, Pierce, Fenner & Smith v. O'Connor,* 194 F.R.D. 618, 623 (N.D. Ill. 2000) ("Expedited discovery is not the norm. Plaintiff must make some *prima facie* showing of the *need* for the expedited discovery."). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *In re Countrywide Fin. Corp. Derivative Litig.,* 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (internal quotation marks omitted).

Morilha alleges that "without answers to the proposed interrogatories, most of the claims (if not all) found on his first amended civil complaint may be insufficient." ECF No. 64 at 3. Specifically, Morilha argues that his proposed interrogatories would "prove that he is an overall peaceful person" and thus support his litigation theory that his former wife premeditated his arrest for domestic violence on September 5, 2015, and eventually "extort[ed]" him over the "contents of his financial life [that] were [potentially] disclosed" by Google. *See* ECF No. 64 at 3–4. As the Court noted in its previous order, it is unclear how the factual allegations surrounding Morilha's domestic violence arrest or relationship history with his former wife relate to Google. *See* ECF

United States District Court
Northern District of California

1   No. 59 at 2 n.1.  Moreover, interrogatories cannot be used to obtain information from third parties;
2   that discovery method is available to obtain information only from the parties to the litigation.
3   *Turner v. Ralkey*, No. 3:20-CV-5472-BHS-DWC, 2021 WL 135855, at *3 (W.D. Wash. Jan. 13,
4   2021).  Morilha has thus failed to meet the heavy burden of showing good cause for why
5   expedited discovery—in the form of over 100 questions to non-parties—is warranted here.

6         Morilha appears to request in the alternative that his motion be treated as a request to
7   perpetuate testimony pending an appeal under Rule 27(b).  *See* ECF No. 64 at 4.  Rule 27(b)
8   provides, in relevant part, that "[t]he court where a judgment has been rendered may, if an appeal
9   has been taken or may still be taken, permit a party to depose witnesses to perpetuate their
10  testimony for use in the event of further proceedings in that court."  Fed. R. Civ. P. 27(b)(1).  A
11  district court may allow such depositions if the court finds that "perpetuating the testimony may
12  prevent a failure or delay of justice."  Fed. R. Civ. P. 27(b)(3).  "In other words, [the party seeking
13  discovery under Rule 27(b)] must show that the loss of this evidence could result in a failure of
14  justice."  *Campbell v. Blodgett*, 982 F.2d 1356, 1359 (9th Cir. 1993).

15        Morilha appears to ask the Court to grant him now the right to take discovery if Google's
16  motion to dismiss is granted and he appeals.  *See* ECF No. 64 at 4 ("Alternatively, Plaintiff asks
17  for this Court to treat his request as a Rule 27(b) perpetuation of testimony pending an appeal, in
18  case this action is dismissed.").  Because no appeal has yet been taken, however, Rule 27(b) does
19  not apply.  *But see Washington Mut., Inc. v. United States*, No. C06-1550-JCC, 2008 WL
20  11506727, at *1 (W.D. Wash. Oct. 10, 2008) (granting Rule 27(b) motion of plaintiff who
21  "intend[ed]" to appeal court order).  And even if it did apply, Morilha makes no showing as to
22  how "loss of this evidence could result in a failure of justice."  *See generally* ECF No. 64.  The
23  Court therefore denies Morilha's request to perpetuate testimony under Rule 27.  *See United*
24  *States v. Safran Grp., S.A.*, No. 15CV00746LHKSVK, 2018 WL 11436322, at *3 (N.D. Cal. Sept.
25  14, 2018) (denying discovery under Rule 27(b) because the movants "failed to carry their burden
26  of showing that the potential loss of [the] expected testimony could result in a failure of justice, as
27  required under Rule 27(b)").

28

### C. Motion for Leave to Amend Complaint

On February 8, 2025, Morilha filed a motion for leave to amend his complaint by adding the City of Sunnyvale, California and the State of Pennsylvania as defendants to this action. *See* ECF No. 73. Morilha argues that amendment is proper because the City of Sunnyvale "has already been mentioned in Plaintiff's operative pleadings" and that he now seeks an injunction against the State of Pennsylvania "upon the suspicion that his wire, oral, and electronic communications are currently intercepted." *Id.* at 2.

The Court denies Morilha's motion for leave because Morilha's proposed amendments fail to satisfy the requirements for joinder under Rule 20. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980) ("[P]laintiff's petition to amend its pleadings to add Schulte as a party defendant brings into consideration Rules 15 and 20 of the Federal Rules of Civil Procedure."). Neither the original complaint nor the first amended complaint even hinted at the allegations Morilha now seeks to raise against the two new proposed defendants. Nor does Morilha explain how the proposed claims against the two parties "aris[e] out of the same transaction, occurrence, or serious of transactions or occurrences" as those in this action or how "any question of law or fact common to all defendants will arise in the action." *See* Fed. R. Civ. P. 20(a)(2). Accordingly, the Court denies Morilha's motion for leave.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted without leave to amend, and Morilha's motion for limited discovery and motion for leave to amend the complaint are denied. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint). The clerk is directed to enter judgment on behalf of Defendants and close the case.

**IT IS SO ORDERED.**

Dated: April 2, 2025

_____
JON S. TIGAR
United States District Judge